UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Civil No. 12-221 (JAF) |
| v. | |
| XAVIER JIMÉNEZ-BENCEVÍ, | |
| Defendant. | |

**MEMORANDUM ORDER**

Xavier Jiménez-Benceví was indicted on one count of murdering Delia Sánchez-Sánchez, a federal witness, in violation of 18 U.S.C. § 1512(a)(1)(C). (Indictment, Docket No. 11.) The government moves in limine to admit statements made by Sánchez-Sánchez during its case-in-chief. (Docket No. 311.) Jiménez-Benceví opposes**.** (Docket No. 353.) We grant the government's motion.

**I.**

**Background**

The Superseding Indictment alleges that Jiménez-Benceví knew that Delia Sánchez-Sánchez was a federal witness and that he killed Sánchez-Sánchez in order to prevent her from providing information to law enforcement about his criminal drug enterprise. (Docket No. 160.) On March 6, 2013, the Government filed a motion in limine to admit out-of-court statements Sánchez-Sánchez made to associates of Jiménez-Benceví and to law enforcement, including to a U.S. Probation officer and two undercover FBI agents. (Docket

No. 374 at 1-2.) Jiménez-Benceví filed a response to the government's motion, requesting a pretrial evidentiary hearing to determine the admissibility of the proposed evidence pursuant to Rules 104(a) and 804(b)(6). (Docket No. 353 at 5-6.) The Government filed a response to Jiménez-Bencevi's motion, requesting a pretrial ruling on the admissibility of Sánchez-Sánchez's statements arguing that, since Jiménez-Benceví had procured Sánchez-Sánchez's unavailability, he had waived his confrontation rights and hearsay objections to Sánchez-Sánchez's statements. (Docket Nos. 374, 418.)

## II.

## **Legal Standard**

The Confrontation Clause guarantees criminal defendants the opportunity "to be confronted with the witnesses against him." U.S. CONST. amend. VI. This means testimonial hearsay is not admissible unless two conditions are met: The declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 68 (2004). Forfeiture by wrongdoing, however, is an exception to this rule. Thus, testimonial hearsay is admissible "where the defendant ha[s] engaged in wrongful conduct designed to prevent a witness' testimony." Giles v. California, 554 U.S. 353, 366 (2008). See also, Davis v. Washington, 547 U.S. 813, 833 (2006) ("[O]ne who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation."); Crawford, 541 U.S. at 62 ("The rule of forfeiture by wrongdoing ... extinguishes confrontation claims on essentially equitable grounds."); United States v. Rodriguez-Marrero, 390 F.3d 1, 17 (1st Cir. 2004) ("Forfeiture by wrongdoing is an independent ground for the admissibility of hearsay testimony.").

The common law doctrine of forfeiture by wrongdoing, codified in Rule 804(b)(6) of the Federal Rules of Evidence, provides an exception to the hearsay exclusion for statements "offered against a party that wrongfully caused -- or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result." Fed.R.Evid. 804(b)(6). To admit a statement under Rule 804(b)(6), the government must show, by a preponderance of the evidence, that a defendant (1) caused a potential witness' unavailability (2) by a wrongful act (3) undertaken with the intention of preventing the potential witness from testifying at a future trial. United States v. Houlihan, 92 F.3d 1271, 1280 (1st Cir. 1996).

### III.

### Discussion

**A. Defendant Engaged or Acquiesced in Wrongdoing that Caused the Unavailability of a Witness**

The record indicates that Jiménez-Benceví knew that, by murdering Sánchez-Sánchez, he was depriving the government of a potential witness. (Docket No. 405 at 3.) First, the government offers evidence to show that Jiménez-Benceví believed Sánchez-Sánchez was cooperating with law enforcement and could harm him and his organization by talking. (Id.) Second, Sánchez-Sánchez was, in fact, cooperating with law enforcement officials at the time and made voluntary statements in which she provided detailed accounts about Jiménez-Benceví's drug enterprise. (Docket No. 374 at 2.) Sánchez-Sánchez's actual cooperation reinforces our conclusion that Jiménez-Benceví likely targeted her on that account. Finally, we know that Jiménez-Benceví listened to a taped recording in which Sánchez-Sánchez spoke about informing law enforcement regarding Jiménez-

Bencevi's drug trafficking activities, which means that he had insight into Sanchez-Sanchez's willingness to testify to authorities against him. (Docket 405 at 3.)

**B.   Pretrial Hearing is Not Required to Determine Whether the Forfeiture by Wrongdoing Exception Applies**

Jiménez-Bencevi asserts that the government must prove that the forfeiture by wrongdoing exception applies at a pretrial evidentiary hearing before the statements can be introduced at trial. (Docket No. 353 at 6.) We disagree.

We are not required to hold an evidentiary hearing before deciding to permit the admission of these statements at trial. See United States v. Baskerville, 448 F. App'x 243, 250 n.5 (3d Cir. 2011) (District Court's decision to forgo a "mini-trial" on admissibility of murdered witness' statements was reasonable); United States v. Savage, 2013 WL 372947 (E.D.Pa., Jan. 31, 2013) (not necessary to hold pretrial evidentiary hearing to prove that the forfeiture by wrongdoing exception applies).

We requested a proffer from the Government to demonstrate that Sánchez-Sánchez's statements should be admitted subject to a proper foundation being laid at trial. In response, the Government named several witnesses who would offer evidence that Jiménez-Bencevi sought to murder Sánchez-Sánchez to prevent her from communicating with law enforcement about his drug enterprise. The evidence proffered includes statements made by (1) United States Probation Officer Luz E. Aponte that Sánchez-Sánchez identified Jiménez-Bencevi as the owner of a drug enterprise; (2) Gloria Albino-Figueroa and Ronnie Pérez-Albino about a recording Jiménez-Bencevi played of Sánchez-Sánchez discussing her plans to inform federal agents of Jiménez-Bencevi's drug enterprise; (3) Carmen Fernández-

Ortega (a.k.a. "Tata"), who heard Sánchez-Sánchez say she was going to identify Jiménez-Benceví to law enforcement.

An evidentiary hearing may have been necessary if the government's proffer had given reason to doubt its ability to establish at trial (1) the applicability of the forfeiture by wrongdoing exception or (2) the proper foundation for the admissibility of the statements. However, we are satisfied that the government's proffer is sufficient to justify forgoing a pretrial hearing and admitting Sánchez-Sánchez's statements at trial subject to later connection by the Government under Rule 804(b)(6). Given the substance and extent of the government's proffer, a hearing would be an impractical and inefficient waste of judicial resources. United States v. White, 116 F.3d 903, 915 (D.C. Cir. 1997) (noting that a pretrial hearing "would have been wasteful of judicial time, as the hearing and trial testimony on the murder would have been largely duplicative"). Sánchez-Sánchez's statements will be admitted if the Government offers sufficient evidence at trial to ultimately support the application of the forfeiture by wrongdoing exception. See United States v. Benedetti, 433 F.3d 111, 117 (1st Cir. 2005) ("It is settled law that in limine rulings are provisional. Such 'rulings are not binding on the trial judge [who] may always change his mind during the course of a trial.'") (citation omitted); United States v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) ("[R]ulings on motions *in limine* normally are considered provisional, in the sense that the trial court may revisit its pretrial evidentiary rulings … when an evidentiary proffer may be more accurately assessed in the context of the government's other evidence.").

## III.

## Conclusion

A defendant who has removed an adverse witness is not well-positioned to complain about losing the chance to confront that witness. Admitting a prospective witness' prior statements under circumstances such as these at least partially offsets the rewards that the defendant gained through misconduct.

Accordingly, we deny Jiménez-Benceví's request to preclude the statements made by Sánchez-Sánchez to United States Probation Officer Luz E. Aponte, Gloria Albino-Figueroa, Ronnie Pérez-Albino, and Carmen Fernández-Ortega. We also deny Jiménez-Benceví's request for the court to hold a pretrial evidentiary hearing on the admissibility of Sánchez-Sánchez's statements. We grant the Government's request to admit the statements made by Sánchez-Sánchez at trial; however, we do so conditionally, subject to the government offering sufficient proof by a preponderance of the evidence that Jiménez-Benceví wrongfully intended to, and did, procure Sánchez-Sánchez's unavailability.

For the foregoing reasons, we hereby **GRANT** the government's motion.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of April 2013.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge